IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MICHAEL PARDUS,

           Plaintiff,

vs.

LIBERTY LIFE ASSURANCE
COMPANY OF BOSTON,

           Defendant.

Civil Action No. 2:23-cv-254

**COMPLAINT**

AND NOW, comes the Plaintiff, MICHAEL PARDUS, by and through his attorney, Brian Patrick Bronson, Esquire, and the Quatrini Law Group, P.C., and files this Complaint in Civil Action in the Federal District Court for the Western District of Pennsylvania, stating as follows:

**INTRODUCTION**

**NATURE OF THIS ACTION**

1. This action is filed pursuant to the Employment Retirement Income Security Act of 1974, 29 U.S.C. §1001 et seq. (hereinafter referred to as "ERISA") and the Declaratory Judgment Act, 28 U.S.C. §§2201, 2202. Mr. Pardus (hereinafter "Plaintiff") is a participant in an employee welfare benefit plan (hereinafter referred to as "The Plan") which is administered pursuant to an insurance policy issued by Liberty Life Assurance Company of Boston. The Plan is governed by ERISA. Plaintiff is a beneficiary under the Plan. This Complaint challenges the Plan's unlawful practice of failing to provide Plaintiff

- 1 -

with the timely payment of Long Term Disability benefits under the Plan. Specifically, Plaintiff is filing this action to enforce his rights under the Plan and for attorney fees, interest and costs as provided by ERISA.

## JURISDICTION AND VENUE

2. This Court has Original Jurisdiction to hear this Complaint and to adjudicate the claims herein pursuant to 28 U.S.C. §1331 and 29 U.S.C. §1132.

3. Venue is proper in this Court, as the Plan was administered in the Western District of Pennsylvania.

## PARTIES

4. The Plaintiff, Mchael Pardus, resides at 1004 Crab Apple Court, Jeannette, PA 15644, Westmoreland County.

5. The Defendant, Liberty Life Assurance Company of Boston, is the Claims Administrator of Long Term Disability claims and is located at 175 Berkeley Street, Boston, MA 02116.

6. Defendant administered employee benefits, mainly Long Term Disability benefits, under the Plan in accordance with the insurance policy issued to the Plan by the Claims Administrator.

## STATEMENT OF FACTS

7. The Plaintiff, Mr. Michael Pardus, last worked for Haley & Aldrich as a Technical Expert II on or about January 30, 2019, wherein he stopped working due to the

diagnoses, symptoms, and functional limitations related to Concussion, Post-Concussive Syndrome, Cognitive Impairment, and Speech Disturbance.

8. By letter dated July 1, 2019, Defendant approved Plaintiff's claim for Long Term Disability benefits with benefits beginning on August 1, 2019.

9. By letter dated April 12, 2021, Defendant denied Plaintiff's claim for Long Term Disability benefits beyond July 31, 2021 under the Any Occupation standard.

10. Plaintiff, by and through his attorney Brian Patrick Bronson, Esquire filed a timely and responsive appeal by letter dated October 8, 2021, and supplemented the appeal by letters dated November 19, 2021 and December 22, 2021.

11. By letter dated January 27, 2022, Defendant approved Plaintiff's claim for Long Term Disability benefits.

12. By letter dated July 12, 2022, Defendant again denied Plaintiff's claim for Long Term Disability benefits beyond July 12, 2022.

13. Plaintiff, by and through his attorney Brian Patrick Bronson, Esquire filed a timely and responsive appeal by letter dated October 14, 2022.

14. By letter dated December 29, 2022, Defendant upheld their decision to deny Plaintiff's claim for Long Term Disability benefits beyond July 12, 2022. This letter states, "At this time, Mr. Pardus' administrative right to review has been exhausted; no further review will be conducted by Lincoln Financial Group and his claim will remain closed."

15. The Plaintiff has been was awarded Social Security Disability benefits beginning in August 2019, with a disability onset date of February 15, 2019. The Plaintiff continues to receive Social Security Disability benefits in an uninterrupted fashion.

## CAUSE OF ACTION

**Employment Retirement Income Security Act of 1974, 29 U.S.C. §1001 et seq.**

16. Paragraphs 1 through 15 are incorporated herein as if set forth at length.

17. Plaintiff has exhausted all administrative remedies and mandatory appeals as required by the Plan and ERISA 29 U.S.C. §1001 et seq.

18. At all times relevant to this action, the Plaintiff has been unable to perform the material duties of any gainful occupation due to the diagnoses, symptoms, and functional limitations related to Concussion, Post-Concussive Syndrome, Cognitive Impairment, and Speech Disturbance.

19. The Defendant's actions in denying Plaintiff benefits under the Plan constitutes a violation of 29 U.S.C. § 1132(3)(B)(ii) .

20. The Defendant ignored pertinent medical evidence and failed to evaluate all of the evidence of record including the medical of Plaintiff's treating physicians.

21. The Defendant did not conduct a full and fair review of the claim as required by ERISA.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs respectfully prays that the Court issue an Order:

(1) Awarding, declaring or otherwise providing Plaintiff all relief to which Plaintiff is entitled under ERISA Section 502 Paragraph (a) 29 U.S.C. Section 1132(a);

(2) Awarding pre and post judgment interests;

(3) Awarding Plaintiff the costs of this action and reasonable attorneys fees;

(4)     Awarding such other relief as may be just and reasonable.

/s/ Brian Patrick Bronson, Esquire
Brian Patrick Bronson, Esquire (Pa #89035)
Quatrini Law Group, P.C.
550 East Pittsburgh Street
Greensburg, PA  15601
Phone:  (724) 837-0080
Fax:  (724) 837-1348
E-mail:  bpb@qrlegal.com

Dated:   February 16, 2023